Smith,
dissenting: The evidence in these proceedings indicates that there was no market in 1928 for the voting trust certificates owned by the petitioners. They were practically worthless. The respondent does not question that the price paid for them by the son, namely, $5 per share, was the fair market price for them. I can not agree that the transaction by which the petitioners sold the certificates to their son was “ a mere gesture without the vital intent to change ownership.” Out of an abundance of caution the father sold the certificates through brokers rather than sell them directly *934 to his son. In my opinion the sale was a bona fide sale of the certificates at a fair market price. Cf. Commissioner v. Hale, 67 Fed. (2d) 561.
Luella Hoyt Slayton testified that she had no knowledge at the time she sold her certificates as $5 per share through the broker that her son was the purchaser. I can not see how it can be validly held that she did not make a valid sale of her certificates from which she sustained a deductible loss. So far as the mother was concerned the gift of a check to her son on or about December 31, 1928¡ was an entirely separate and unrelated transaction. In any event I think that the ruling that the sale by the .mother was not bona fide is unwarranted.
TkamMell agrees with this dissent.